IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By mgarcia at 2:56 pm, Jan 29, 2020*

| | |
|---|---|
| UCHENDU OKOCHA AHAM, | |
| Petitioner, | CIVIL ACTION NO.: 5:19-cv-46 |
| v. | |
| PATRICK GARTLAND, | |
| Respondent. | |

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Uchendu Aham ("Aham"), who is currently housed at the Irwin County Detention Center in Ocilla, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus while he was housed at the Folkston Immigration and Customs Enforcement ("ICE") Processing Center in Folkston, Georgia. Doc. 1. Respondent filed a Motion to Dismiss, and Aham filed a Response. Docs. 4, 9. For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion, **DENY** Aham's Petition, **DIRECT** the Clerk of Court to enter to appropriate judgment of dismissal and **CLOSE** this case, and **DENY** Aham *in forma pauperis* status on appeal.

### BACKGROUND

Aham, a citizen of Nigeria, challenges his 31-month detention with ICE. Doc. 1. Aham states his wife filed an I-130 petition on his behalf on October 1, 2018, and his wife has an autoimmune disease and other medical issues. Id. at 6. Aham asks this Court to order ICE to release him from custody based on his prolonged detention. Id. at 7.

Respondent contends Aham entered the United States on April 15, 2013 on a B-2 non-immigrant visitor visa for a period of six months.  Doc. 4 at 3.  ICE's Office of Enforcement and Removal Operations initiated removal proceedings against Aham on August 11, 2016 and took him into custody under 8 U.S.C. § 1226(a) on November 2, 2016.  Id.  The immigration judge granted Aham at least seven continuances of his removal proceedings due to the pendency of the I-130 petition before the United States Citizenship and Immigration Services ("USCIS").  USCIS issued a notice of intent to deny Aham's I-130 petition based on inconsistencies, including Aham living with a woman who is not his wife at the time of his arrest and who claimed she and Aham were to be married.  Id.  USCIS denied the I-130 petition, yet Aham continued seeking continuances of his removal proceedings.  Id. at 4.  The immigration judge ordered Aham's removal to Nigeria on June 26, 2019, and Aham's appeal of that decision is pending before the Board of Immigration Affairs ("BIA").  Id.

As to his detention, Aham has remained in ICE custody since November 2, 2016.  Aham has had two bond hearings during this time.  The first hearing occurred on January 18, 2017, soon after Aham was taken into custody.  Doc. 4-1 at 3.  At that hearing, the immigration judge denied Aham's request for bond, finding that Aham had not sufficiently established he was not a danger to the community.  Id.  On July 27, 2017, the immigration judge denied Aham's second request for bond, and Aham appealed that decision.  Id. at 4.  On October 18, 2017, the BIA affirmed the immigration judge's decision and dismissed Aham's appeal.  Id.  Aham has not sought readjustment of his bond status since the October 18, 2017 decision.

In the present Petition, Aham contends the immigration judge erred in denying him a bond or a continuation in his removal proceedings.  In addition, Aham asserts the Government did not prove he is a danger to society or a flight risk, yet the immigration judge denied him

bond. Doc. 9 at 8. Aham seeks immediate release from detention or, ostensibly, a bond hearing. Doc. 9 at 10–16.

## DISCUSSION

**I.      Whether Aham's Petition Should be Denied**

Respondent avers Aham has been detained during his removal proceedings under § 1226(a) but was given two bond hearings in 2017. Doc. 4 at 4. Respondent asserts the immigration judge denied Aham bond because failed to establish he is not a danger to the community or a flight risk. In so doing, the immigration judge noted Aham pled guilty to using false identification to obtain employment and gave inconsistent information regarding his marital status. Id. Respondent alleges Aham was given the opportunity to be heard—on at least two occasions—as to whether he should be released on bond, the immigration judge declined to release Aham on bond, and that decision was upheld on appeal. Id. at 6. Respondent alleges Aham's challenge is to the immigration judge's discretionary decision to deny Aham bond and cannot be reviewed via § 2241 in this Court. Id. at 6–7. Alternatively, Respondent states that, even if this Court had jurisdiction to review Aham's detention, his detention comports with due process. Id. at 7. Respondent argues Aham can seek adjustment of his bond status at any time (as he did twice in 2017), and the continued availability of adjustment to his detention status is "fatal to any due process claim [Aham] might raise." Id. at 8. In addition, Respondent maintains Aham's detention, while lengthy, has not been unreasonably prolonged due to government inaction. Id. at 9.

Section 236(c) of the Immigration and Nationality Act, 8 U.S.C. § 1226(a), provides that, upon the Attorney General's warrant, "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." During the pendency of this

decision, the Attorney General may detain the alien or release the alien on bond or conditional parole. § 1226(a). In addition,

> The Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e). In other words, "§ 1226(e) precludes an alien from 'challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding his detention or release.'" Jennings v. Rodriguez, 138 S. Ct. 830, 841 (2018) (quoting Demore v. Kim, 538 U.S. 510, 516 (2003)). In cases where an alien is detained, he can seek review of that detention with DHS and then by an immigration judge and can "secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." Nielsen v. Preap, 139 S. Ct. 954, 960 (2019) (citing 8 C.F.R. §§ 236.1(c)(8), (d)(1), 1003.19(a), 1236.1(d), and then citing Matter of Guerra, 24 I. & N. Dec. 37 (BIA 2006))). "Section 1226(a) creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings. Section 1226(a) also permits the Attorney General to release those aliens on bond" in certain situations. Jennings, 138 S. Ct. at 846.

ICE's Office of Enforcement and Removal Operations ("ERO") served Aham with a notice to appear, which placed Aham in removal proceedings, on August 11, 2016 after he did not leave the United States before October 14, 2013. Doc. 4-1 at 3, 11. The ERO took Aham into custody on November 2, 2016 based on a Form I-200 warrant. Id. at 3, 15. The immigration judge granted Aham a continuance of his removal proceedings to allow time for the filing of an I-130 petition on December 12, 2016, and the immigration judge granted several more continuances for the same reason. Id. at 3. On January 18, 2017, the immigration judge

4

denied Aham's request for bond, finding Aham failed to establish he was not a danger to the community or a flight risk.  Id. at 3, 18.  The immigration judge denied Aham's second request for bond on June 27, 2017, after Aham was brought back to the ERO's custody after the conclusion of state court proceedings.  Id. at 3–4, 20.  Aham appealed this denial of bond, and the BIA dismissed his appeal.  Id. at 4, 22–23.  After granting other continuances for the consideration of Aham's I-130 petition, the immigration judge ordered Aham removed to Nigeria on June 27, 2019.  Id. at 4, 41.  Aham appealed that decision with the BIA, and that appeal was still pending at the time Respondent filed his Motion to Dismiss.[1]  Id. at 4, 44–46.

The immigration judge's decision to deny Aham bond was based on his finding, after two hearings, that Aham did not establish he is not a danger to society or a flight risk was within the discretion afforded under § 1226(a).[2]  Thus, this Court cannot review this decision under § 1226(e).

Furthermore, if Aham is seeking a bond hearing based on changed circumstances, he can make that request in accordance with 8 C.F.R. § 1003.19(e) at any time.  The fact that Aham was given two bond hearings, and redetermination of his initial bond determination remains available

---

[1]  The BIA may have already entered a ruling on Aham's appeal.  Given Aham's continued detention, it appears the BIA affirmed or upheld the immigration judge's order of removal.  Any challenge to Aham's continued detention would have to be brought in the District where he is housed.  See Doc. 4 at 10 n.3 ("As noted, petitioner has appealed the immigration judge's order of removal to BIA.  If BIA dismisses the appeal or affirms the order of removal, the removal order will then become final.  See 8 U.S.C. § 1231(a)(1)(B)(ii).  Only then will the 90-day "removal period" set forth in 8 U.S.C. § 1231(a)(1)(A) begin to run.  If petitioner remains in post- removal-order custody for longer than six months, he then may be able to assert a claim under Zadvydas v. Davis, 533 U.S. 678 (2001).").

[2]  Aham's Response to the Motion to Dismiss makes reference to § 1226(c) detention, doc. 9 at 6–7, 9–16, but that issue is not before the Court, and, aside from Aham's passing reference, there is nothing in the record indicating he is actually being detained under § 1226(c).  Instead, the only issue before the Court concerns Aham's § 1226(a) detention.  Doc. 4.  Thus, Sopo v. U.S. Attorney General, 825 F.3d 1199 (11th Cir. 2016), *vacated on other grounds by* Sopo v. U.S. Attorney General, 890 F.3d 952 (11th Cir. 2018), is not applicable.

under 8 C.F.R. § 1003.19(e) undermines any due process claim Aham could assert. Aham's only due process challenge concerns the length of his detention under § 1226(a). Doc. 1 at 7; Doc. 9 at 1, 5. Indeed, Aham is not challenging "the adequacy of his initial bond hearing[]" and does not "allege unreasonable delay by the government." Borbot v. Warden Hudson Cty. Corr. Facility, 906 F.3d 274, 277, 277–79 (3d Cir. 2018) (outlining differences between § 1226(a) detention and § 1226(c) detention and bond hearings applicable to each statute and that the burden remains on the detainee at all times under § 1226(a)). Because Aham was provided adequate due process at in his initial bond hearings, and redetermination remains available, the mere duration of his detention, without more, does not demonstrate any due process violation.[3] Id. at 279–80 (holding that detainee was not entitled to a second bond hearing under § 1226(a), despite lengthy detention, where detainee did not allege a constitutional defect in the first bond hearing).

Accordingly, the Court should **GRANT** Respondent's Motion to Dismiss and **DENY** Aham's Petition.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Aham leave to appeal *in forma pauperis*. Though Aham has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is

---

[3] To the extent Aham argues the burden should shift to the government to demonstrate that his continued detention is necessary, that argument fails. Even where prolonged detention would warrant an individualized bond hearing, such as in the § 1226(c) context, the burden typically remains with the detainee, as all that is required is an individualized bond hearing in accordance with 8 C.F.R. § 1236.1(c). Sopo v. U.S. Attorney General, 825 F.3d 1199, 1220 (11th Cir. 2016), *vacated on other grounds by* Sopo v. U.S. Attorney General, 890 F.3d 952 (11th Cir. 2018). This further supports the conclusion that Aham has not been deprived of any due process in this case.

filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Aham's filings and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Aham *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DENY** Aham's Petition, and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Aham leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **14 days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later

challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Aham and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 29th day of January, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA